## Provident National Bank v. Soltoff

*Judith Eichen,* for plaintiff.
*Kenneth L. Baritz,* for defendant.

PRATTIS, *J.,* May 23, 1977 — On May 7, 1976, Provident National Bank confessed judgment against defendants on a note issued in connection with a business transaction. Plaintiff filed an averment of default and assessed damages against defendants in the amount of $21,665 on January 7, 1977.

Plaintiff caused defendant, Philip Soltoff, to be personally served with a subpoena duces tecum on January 18, 1977, ordering him to appear on January 26, 1977 for deposition. On that same date, Kenneth L. Baritz, Esquire, appeared and accepted service of a subpoena duces tecum on behalf of defendant, Elaine Soltoff, ordering her to appear on January 26, 1977 for deposition.

The following information is sought by plaintiff:

"1. All checking account statements, together with their cancelled checks, certificates of deposit, saving accounts, a list of all securities, stock and bonds, a list of all safe deposit boxes in your possession, custody and control of yourself and one or more persons held or maintained by you or you jointly with one or more other persons during the preceding 12 month period.

"2. A list of all loans made by you individually or jointly with one or more other persons during the preceding 12 month period.

"3. A copy of your 1974 and 1975 Federal Income Tax Returns.

"4. A list of all accounts and property that you held as a fiduciary during the preceding 12 month period.

"5. A list of all notes payable to yourself or you and one or more other persons which were outstanding during the preceding 12 month period.

"6. A list of all real estate owned by yourself or yourself and one or more other persons during the preceding 12 month period.

"7. A list of all property held on your behalf or for your benefit by any other person or persons during the preceding 12 month period.

"8. A list of all corporations in which you or any member of your immediate family had an interest during the preceding 12 month period."

Where judgment is confessed against defendants, plaintiff is entitled to make certain inquiries of defendants to enable them to locate the assets available to satisfy the confessed judgment. In the instant case, plaintiff's inquiries are directed at defendants' interests held in corporations and real estate.

Defendants seek to quash the noticed subpoena on the ground that compliance therewith would be burdensome, oppressive and would cause unreasonable annoyance and expense.

Rule 4011 of the Pennsylvania Rules of Civil Procedure limits the scope of discovery and inspection by prohibiting discovery which causes unreasonable annoyance, embarrassment, expense or oppression to the deponent. The Civil Rules do not detail what is meant by unreasonable, annoyance, embarrassment or oppression, but the Pennsylvania courts have established some guidelines.

Mere annoyance, embarrassment and expense is not enough to warrant a protective order: Miller v. Bethlehem Steel Corporation, 56 D. & C. 2d 269 (1972). In addition, the mere fact that an examination will be time consuming, burdensome and costly is no ground for a protective order, if all this is the inevitable result of the facts under examination: Nardell v. Scranton-Spring Brook Water Service Company, 24 D. & C. 2d 663 (1961).

Generally, what is burdensome or unreasonably oppressive depends on the facts of a particular case. However, there must be evidence on the record of the effect on the deponent before the court can make a finding of unreasonableness to the deponent: Miller v. Bethlehem Steel Corporation, supra.

In the present case, there is no evidence of the effect upon the deponent in the event of compliance. There is merely an unsubstantiated allegation that compliance with the noticed deposition would prove oppressive and burdensome.

Moreover, the information sought by plaintiff is reasonable in light of the fact that plaintiff claims defendants hold interests in several corporations both directly and indirectly through children and other relatives, and the material requested will assist plaintiff in determining whether such claim is well-founded.

This court is of the opinion that since there is no evidence to corroborate defendants' allegation of unreasonableness, defendants' motion to quash the subpoena duces tecum is denied.

In addition, plaintiff seeks a writ of attachment for the persons of Philip and Elaine Soltoff to compel them to appear for depositions. This is a severe sanction which ought not to be invoked casually. If

defendants believed they were entitled to a protective order they ought not to be cited ab initio for contempt. However, failure to comply with the following order will justify such action.

### ORDER

And now, May 23, 1977, upon consideration of plaintiff's motion for writ of attachment and defendants answer thereto, it is ordered and decreed that plaintiff's motion for writ of attachment is denied.

### ORDER

And now, May 23, 1977, upon consideration of defendants' motion to quash subpoena and plaintiff's answer thereto, it is ordered and decreed, that defendants' motion to quash subpoena is denied, and that defendants appear for deposition upon ten days of notice thereof.